UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANGELA PRESTON,** | ) | **CASE NO. 5:11cv959** |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **JUDGE SARA LIOI** |
| vs. | ) | |
| | ) | **ORDER** |
| **CITY OF AKRON, et al.,** | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

This matter comes before the Court upon *pro se* plaintiff Angela Preston ("plaintiff" or "Preston")'s failure to respond to the Court's Order of May 18, 2012 requiring her to show cause within fourteen (14) days why the Court should not dismiss this case for want of prosecution.

Rule 41(b) provides for the dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court...." Such a dismissal acts as an adjudication on the merits. *Id.* The Sixth Circuit has recognized that a Rule 41(b) dismissal "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Definace Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted). Determining whether dismissal is the appropriate sanction is a matter within the discretion of district courts. *Id*. The Supreme Court of the United States has recognized that:

> Neither the permissive language of the Rule-which merely authorizes a motion by the defendant-nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or

> dilatoriness of the parties seeking relief. The authority of the court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962).

The Sixth Circuit has instructed courts to assess four factors in determining whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted). Prior notice to the plaintiff that failure to cooperate could result in dismissal is particularly important to support the sanction. *Vinci v. Consolidated Rail Corp.,* 927 F.2d 287, 288 (6th Cir. 1991).

The Court finds that Preston's failure to prosecute this action was a result of willfulness and fault, as evidenced by the following:

(1) Preston failed to obtain new counsel or to notify the Court of her intent to proceed *pro se* in this action within time allotted by the Court's February 21, 2012 Order granting plaintiff's counsels' motion to withdraw as attorneys of record;

(2) Preston thereafter failed to file her second Forty-Five Day Status Report in accordance with the Court's October 27, 2011 Case Management Plan and Trial Order (Doc. 24);

(3) Preston did not respond to defendants Jason Hill's and Glenn Payne's discovery requests for production of documents and requests for admissions and failed to

2

reschedule her incomplete deposition, which adjourned early because plaintiff had a prior engagement;[1]

(4) Preston failed to appear at the status conference set for May 18, 2012;[2] and

(5) On May 18, 2012, the Court warned Preston that dismissal of her case was a possibility unless she presented the Court with good cause, within 14 days, as to why the case should not be dismissed. (Doc. 46.) As of June 4, 2012, the Court has received no response from Preston to the show cause order.

Preston's conduct exhibits a complete disregard for the rules established for orderly case management and has caused this Court to waste valuable resources in attempting to administer properly this case. Further, defendants and defense counsel have been prejudiced by Preston's failure to respond to their discovery requests and by her failure to attend the status conference, which was attended by defense counsel, but which could not properly proceed due to Preston's absence. Additionally, the Court warned Preston that her failure to comply with the Court's orders and the rules could lead to dismissal of this action, yet she completely disregarded this warning. In light of the foregoing, the Court concludes that sanctions short of dismissal would not cure plaintiff's repeated failure to comply with the Court's rules, orders, and deadlines, which has resulted in her failure to prosecute this case. *See Mason v. Hayes Lemmerz Int'l Commercial Highway*, No. 5:07CV3134, 2008 WL 123870, at *2 (N.D. Ohio Jan. 10, 2008) (applying Sixth Circuit standard and dismissing a case where pro se plaintiff failed to appear at case management conference and failed to respond to motion to dismiss); *Johnson v. Schnelz*,

---

[1] *See* defendants City of Akron's and Chief Craig Gilbride's Forty-Five Day Status Report filed on April 24, 2012 (Doc. 42) and defendants Jason Hill's and Glenn Payne's notice of matters deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3) filed on December 23, 2011. (Doc. 37.)

[2] *See* May 18, 2012, Minutes of Proceeding.

No. 04-74930, 2006 WL 467941 (E.D. Mich. Feb. 24, 2006) (applying Sixth Circuit standard and dismissing case after pro se plaintiff failed to respond to show cause order).

Accordingly, this case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: June 6, 2012

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**